# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Jada Clark Thomas,<br><br>                                               Plaintiff,<br>vs.<br><br>Boyd Bros. Transportation, LLC d/b/a Boyd Bros. Transportation Inc. and Gary Junior Spikes,<br><br>                                              Defendant. | Civil Action No.: 3:26-cv-00726-CMC<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

This is an action for personal injuries arising out of a tractor trailer collision that occurred on August 30, 2023. The Plaintiff, upon information and belief, respectfully alleges and will show the following:

      1.      Plaintiff Jada Clark Thomas (hereinafter "Plaintiff") sustained serious personal injuries as a result of a tractor trailer collision that occurred shortly after twelve o'clock at midday on August 30, 2023, on Savannah Highway, in Lexington County.

      2.      Plaintiff is a citizen and resident of Sumter County, State of South Carolina.

      3.      Defendant Boyd Bros. Transportation, LLC d\b\a Boyd Bros Transportation, Inc., (hereinafter "Boyd Bros. Transportation"), is a foreign corporation headquartered in the State of Alabama. It is organized and exists under the laws of the State of Delaware and maintains agents and servants for the purpose of carrying on its business of for hire general freight transportation throughout the country, including but not limited to the State of South Carolina.

      4.      Boyd Bros. Transportation has appointed a registered agent for service of process in the State of South Carolina, Corporation Service Company, 100 Coastal Drive, Suite 210, Charleston, South Carolina 29492. Once served with process, Boyd Bros. Transportation is subject to the jurisdiction and venue of this Court.

      5.      At the time of the acts and omissions described herein, Defendant Gary Junior Spikes (hereinafter "Defendant Spikes") resided at 2448 News Bridge Road, Harrison GA 31035, located in Washington County. Once served with process, he is subject to the jurisdiction and venue of this Court.

6. Upon information and belief, at all times pertinent to this Complaint, Defendant Spikes was engaged in work activity as an employee, servant, and/or agent of Boyd Bros. Transportation and was acting within the course and scope of his employment and was acting in the furtherance of Boyd Bros. Transportation's business.

7. Upon information and belief, at all times relevant to the Subject Incident, Defendant Spikes was driving under the motor carrier operating authority of Boyd Bros. Transportation.

8. All Defendants are properly named herein.

9. At all times material to the tractor trailer collision which forms the basis of this action, Boyd Bros. Transportation was a for-hire, interstate motor carrier authorized to operate in and through the State of South Carolina for profit pursuant to one or more permits to operate.

10. Pursuant to 28 U.S.C. § 1391 and § 1332(a) and Local Civil Rule 3.01(A)(1), venue and jurisdiction are proper in the Columbia Division of the United States District Court, District of South Carolina, as the Plaintiff resides in Sumter County, the incident took place in Lexington County, and it is an action between citizens of different states and the amount in controversy exceeds $75,000.00.

**FACTS**

11. On or about the night of August 30, 2023, Plaintiff Jada Thomas was driving a 2024 Hyundai Odyssey van bearing South Carolina license plate number UYN 305, Plaintiff was traveling North on Savannah Highway in Lexington County.

12. On the same date and at the same time, Defendant Spikes was driving his 2024 Kenworth tractor trailer bearing Ohio license plate number PWY 6300. Defendant Spikes failed to stop at a stop sign at Whetstone Road and Savannah Highway and entered the highway causing a collision with the Plaintiff. Defendant Spikes then continued on without stopping immediately after the incident. At some point later, Defendant Spikes returned to the incident scene.

13. There was no mechanical defect of which the driver, Defendant Spikes, was aware of or noted in his inspections which contributed to the Subject Incident.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence)**

14. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

15. At all times material to this case, Defendant Spikes was a professional driver with a commercial driver's license.

16. At all times material to this case, Defendant Spikes drove a commercial motor vehicle in interstate commerce and was subject to the applicable South Carolina traffic laws and Federal Motor Carrier Safety Regulations.

17. Defendant Spikes owed the Plaintiff and others on the public roadways a duty of care and violated that duty of care by his careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions, all while acting within the course and scope of his agency, service, or employment.

18. Defendant Spikes drove at a speed higher than what was reasonable and prudent under the circumstances then-existing, in violation of S.C. Code Ann. § 56-5-1520, constituting negligence per se.

19. Defendant Spikes failed to take appropriate steps to safely maintain a proper lookout and reduce his speed, constituting negligence per se.

20. Defendant Spikes failed to stop for a stop sign, in violation of S.C. Code Ann. §56-5-2330, constituting negligence per se.

21. Defendant Spikes failed to stop after this collision, in violation of S.C. Code Ann. §56-5-1210, constituting negligence per se.

22. Defendant violated a duty of care that he owed to Plaintiff and to other drivers on the roadway to exercise ordinary care.

23. Defendant Spikes, while acting as agent and servant of Defendant Boyd Bros. Transportation, violated his duty of care and was careless, negligent, grossly negligent, reckless, willful, and/or wanton at the time and place above-mentioned in the following particulars:

   a. In failing to stop at a stop sign;
   b. In failing to maintain a proper and diligent lookout;
   c. In being inattentive/allowing himself to become distracted;
   d. In driving while fatigued or tired, thereby unable to maintain his full attention on the roadway and his driving;
   e. In driving too fast for conditions;
   f. In failing to apply his brakes in time to avoid colliding with Plaintiff's vehicle;
   g. In failing to take evasive action so as to avoid striking Plaintiff's vehicle;
   h. In failing to blow his horn to warn of his presence leading up to the crash;
   i. In failing to maintain safe and proper control over the tractor-trailer he drove;

      j.      In operating a tractor trailer in violation of mandatory laws; statutes; and regulations so as to constitute negligence per se;

      k.      In failing to use that degree of care and caution that a reasonably prudent truck driver would have used under the same or similar circumstances;

      l.      In driving his vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highway at the time and place aforesaid;

      m.      In such other particulars as the evidence illuminated by the discovery process and at trial may show.

24. As a direct and proximate result of Defendant Spikes's negligence, as set forth above, Plaintiff suffered serious personal injuries and lost wages from her job.

25. Defendant Spikes is liable for all damages allowed by law for the injuries, damages and losses sustained by Plaintiff in this case.

## FOR A SECOND CAUSE OF ACTION
### (Negligent Retention and Supervision)

26. Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint as if each were fully set forth herein in their entirety.

27. At all times material, Defendant Spikes was an employee or agent of Defendant Boyd Bros. Transportation, LLC d/b/a Boyd Bros. Transportation Inc acting within the course and scope of his employment or agency.

28. Boyd Bros. Transportation is liable for the negligent actions and omissions of Defendant Spikes pursuant to the doctrine of respondeat superior and the rules of agency.

29. As an employer, Boyd Bros. Transportation was also independently negligent in hiring, training, entrusting, supervising, and retaining Defendant Spikes in connection with his operation of a commercial motor vehicle and for otherwise failing to act as a reasonable and prudent company under the same or similar circumstances.

30. At all times material, Boyd Bros. Transportation was an interstate carrier of general freight passing in and through South Carolina and as such, Boyd Bros. Transportation was at all relevant times subject to the applicable statutes and regulations of the State of South Carolina.

31. As an interstate carrier, Boyd Bros. Transportation had certain duties and responsibilities as defined by the Federal Motor Carrier Safety Regulations and industry standards, including the duty to properly qualify Defendant Spikes, the duty to properly train Defendant Spikes, the duty to supervise the hours of service of Defendant Spikes, the duty to properly

maintain its vehicles (including exclusively leased vehicles like the one Spikes was driving), and the duty to otherwise establish and implement necessary management controls and systems for the safe operation of its commercial motor vehicles.

32. Boyd Bros. Transportation was also independently negligent in failing to meet its duties and responsibilities under the applicable South Carolina statutes, regulations, and industry standards.

33. As a direct and proximate result of the negligence of Boyd Bros. Transportation, Plaintiff sustained serious personal injuries.

34. Boyd Bros. Transportation is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff.

35. Boyd Bros. Transportation independently violated its own duties of care to Plaintiff, and was careless, negligent, grossly negligent, reckless, and/or willful acts and/or omissions in the following ways:

   a. In hiring a driver without the skill, knowledge, training, and/or experience to properly and safely operate the tractor-trailer;
   b. In failing to properly train Defendant Spikes to operate the tractor-trailer that was involved in this wreck;
   c. In failing to properly supervise Defendant Spikes so as to ensure that he could and would safely operate the tractor-trailer on the roadways;
   d. In negligently entrusting the tractor-trailer to the care, control, custody, and use of Defendant Spikes without adequately checking his qualifications to operate this tractor-trailer;
   e. In negligently entrusting the tractor-trailer to the care, control, custody and use of Defendant Spikes without adequately supervising him to ensure that he safely drove and operated the tractor-trailer;
   f. In failing to have in place adequate and effective policies and procedures to mandate compliance by its drivers with State and Federal statutes, laws, and regulations regarding the operations of tractor-trailers or, if such policies and procedures were in place, in failing to enforce them;
   g. In failing to have in place an adequate and effective safety management program for the safety and protection of the public lawfully on the roadways;
   h. In failing to take all reasonable steps to ensure that the driver to whom it was providing a vehicle for use was a safe, experienced, skilled driver who would drive with due care, attention to traffic, and obey all traffic laws;
   i. In failing to educate and implement a system by which drivers, dispatchers and all levels of the trucking company understand the importance of driver sleep and off duty time to avoid fatigued driving;
   j. In permitting Defendant Spikes to drive its vehicle while displaying its logo for the purpose of furthering its business and/or financial gain;

      k.      In failing to exercise the degree of care and caution that a reasonable and prudent interstate trucking company would have exercised under the same or similar circumstances; and

      l.      In such other particulars that may be discovered and/or shown in the discovery process and/or trial of this case.

All of the above were the direct and proximate cause(s) of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutory and Common Laws and Regulations of the State of South Carolina.

36.    Each of Defendants' acts were willful, wanton, and demonstrated that entire want of care which raises the presumption of a conscious indifference to consequences.

37.    Accordingly, Defendants are jointly and severally liable to Plaintiff for punitive damages to punish, penalize, and deter Defendants and others from similar conduct in the future.

38.    As a result of both Defendants' acts and/or omissions, Plaintiff suffered physical harm and injury to her head, left shoulder, left arm, back, and to other body parts, which have caused and will in the future cause her to undergo physical pain and suffering, mental anguish, emotional distress, permanent injury, and permanent impairment of health and bodily efficiency. Furthermore, the wreck and Plaintiff's injuries have caused and will in the future cause Plaintiff to have to spend money for medical services and lost wages.

39.    As a direct and proximate result of the aforementioned careless, negligent, grossly negligent, reckless, willful, and/or wanton acts and/or omissions of these Defendants, both independently and in combination with each other, Plaintiff is informed and believes that she is entitled to judgment in this matter in a sum to be determined by a jury.

WHEREFORE, Plaintiff prays that the following relief be granted:

      a.      A trial by jury;

      b.      For judgment against the Defendants, jointly and severally, to compensate Plaintiff Jada Clark Thomas for her injuries, lost wages, pain and suffering, past, present, and future;

      c.      For all such other economic and non-economic losses as may be shown at the trial of this matter to the full extent allowed under South Carolina law;

      d.      Punitive damages be recovered in an amount the jury believes to be just, fair and equitable, given the facts and issues in this case; and

      e.      For all such further and general relief which this Court deems just and proper.

**MCWHIRTER, BELLINGER & ASSOCIATES, P.A.**

s/<u>J.C. Nicholson, III</u>
J.C. Nicholson, III
Federal Bar No.: 9171
119 East Main Street
Lexington, SC 29072
803.359.5522 – Office
JC@mbalaw.com
*Attorney for the Plaintiff*

February 20, 2026
Lexington, South Carolina